UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDDIE S. ELLIS-BEY,           )
                              )
              Petitioner,     )
                              )
        v.                    )        No. 4:07 CV 734 DDN
                              )
TROY STEELE,                  )
                              )
              Respondent.     )

## MEMORANDUM

This action is before the court upon the petition of Missouri state
prisoner Eddie S. Ellis-Bey for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  (Doc. 1.)  Petitioner Ellis-Bey has also moved for the
court to hold his petition in abeyance (Doc. 4), to amend his petition
(Doc. 7), for the appointment of counsel (Doc. 9), to have the court
hold an evidentiary hearing (Doc. 21), and to voluntarily dismiss the
action (Doc. 28).  The parties have consented to the exercise of plenary
authority by the undersigned United States Magistrate Judge pursuant to
28 U.S.C. § 636(c).  (Doc. 12.)

For the reasons set forth below, the petition for a writ of habeas
corpus is denied.

## I.  BACKGROUND

On June 5, 2003, petitioner Ellis-Bey pled guilty in the Circuit
Court of St. Louis County, Missouri, to second-degree murder and armed
criminal action.  (Doc. 15, Ex. A at 10.)  Shortly after pleading
guilty, Ellis-Bey was sentenced to concurrent terms of life imprisonment
and three years imprisonment.  ( Id. at 37.)

## II.  FEDERAL HABEAS PETITION AND CONTEMPORANEOUS MOTIONS

On April 16, 2007, petitioner commenced this federal habeas corpus
action by filing a petition that alleged the following claims that his
federal constitutional rights were violated by his convictions and
sentences:

    (1)  Petitioner was denied due process of law when the state
           circuit judge accepted his guilty pleas while petitioner was

under the influence of medications, thus rendering the pleas involuntary.

(2)     Petitioner received constitutionally ineffective assistance of counsel when his attorney failed to raise, in the motion for post-conviction relief, the issue of petitioner's being under the influence of medication during his guilty plea.

(Doc. 1 at 5.)

With his habeas petition, Ellis-Bey filed a motion for the court to hold this action in abeyance while he exhausts his state court remedies on his two grounds for federal habeas relief. He argues that his federal grounds are currently before the Missouri courts and he commenced the federal case to avoid the one-year federal statute of limitations. (Doc. 4 at 1.)

On April 26, 2007 Ellis-Bey filed a motion for leave to amend, so that he can argue why his federal habeas petition should be considered by this court. (Doc. 7.) Following the filing of this motion to amend, on September 26, 2007, petitioner filed a traverse to the state's response. This traverse contains his arguments for relief. (Doc. 22.) Therefore, his motion for leave to amend will be denied without prejudice.

In its response to the habeas petition, respondent argues that it is unable to discern from the petition what Ellis-Bey's federal grounds are and therefore addresses the grounds he alleged in his state habeas corpus petitions and in his post-conviction relief appeal to the Missouri Supreme Court. Respondent identifies these grounds (identified below as "state court" grounds) as (1) the guilty plea was involuntary because petitioner was under the influence of prescription drugs; (2) the circuit court failed to order a presentence investigation that was required by state law; and (3) defense counsel failed to advise petitioner about the amount of time he would have to serve before being eligible for parole. (Doc. 14, at 1-2.)

Respondent argues that Ellis-Bey is not entitled to federal habeas relief. Specifically, respondent argues that state court ground (1) is subject to procedural default and is otherwise without merit; state court ground (2) is not cognizable in this action because it deals only with state law; and state court ground (3) is without merit.

In his September 26, 2007, traverse to the response, Ellis-Bey argues the merits of his federal habeas grounds. (Doc. 22.) Also on September 26, 2007, petitioner filed a memorandum in which he argued his state court grounds (1) and (2). (Doc. 23.)

### III.  STATE COURT ACTIONS

On October 2, 2003, in the Circuit Court of St. Louis County, petitioner filed a pro se motion for post-conviction relief. He alleged he received ineffective assistance of counsel because (1) his attorney failed to object to the prosecutor's arguments, (2) his attorney failed to evaluate or present a mental health defense, and (3) his attorney failed to file any motions. Petitioner argued that the ineffective assistance of counsel resulted in a more severe sentence than otherwise would have occurred. (Doc. 15, Ex. A Case No. 03CC-4451 at 4.)

On June 23, 2004, petitioner filed an amended petition for post-conviction relief in circuit court, seeking to vacate his sentence and requesting an evidentiary hearing. In the amended motion he alleged he received constitutionally ineffective assistance of counsel, because his attorney failed to advise him that his guilty plea would result in imprisonment for 30 years of which he would have to serve 85 percent or 28 years, and that this length of sentence affected his parole eligibility and the amount of time he would have to serve for the armed criminal action. Petitioner alleged that, had he known these facts, he would have not pled guilty, but would have gone to trial. (Id., Ex. B at 2-11.)

On June 28, 2005, the circuit court denied petitioner's request for post-conviction relief without holding an evidentiary hearing. In so ruling, the court ruled that parole eligibility was a collateral consequence of the plea and that petitioner's counsel did not render ineffective assistance of counsel by failing to advise him about the parole eligibility resulting from the plea. The court also examined the record of the plea and determined that the petitioner's plea was voluntary and knowing. (Id., Ex. A, Case No. 03CC-4451 at 22-29.)

On July 5, 2006, the Missouri Court of Appeals affirmed the circuit court's denial of post-conviction relief. (Id., Ex. E); Ellis v. State, 194 S.W.3d 924, 925 (Mo. Ct. App. 2006) (per curiam).

Petitioner's federal habeas petition asserts that an appeal is pending with the United States Supreme Court, although there is no indication in the habeas petition that petitioner had appealed to the Missouri Supreme Court. (Doc. 1 at 2.) A search of the Westlaw, LexisNexis, and Missouri Courts databases did not reveal any action by the Missouri Supreme Court in petitioner's case.

On September 20, 2006, petitioner asserts that he filed a petition for a writ of habeas corpus in the Circuit Court of Mississippi County. The circuit court dismissed the petition without prejudice on November 1, 2006. On June 4, 2007, petitioner filed a petition for habeas corpus with the Missouri Court of Appeals. The Missouri Court of Appeals denied the petition for a writ of habeas corpus. See Your Missouri Courts, http://www.courts.mo.gov/casenet/cases/nameSearch.do (last visited March 20, 2008). A search of the Westlaw, LexisNexis, and Missouri Courts databases did not reveal any action by the Missouri Supreme Court. See Id.; Westlaw, http://www.westlaw.com (last visited March 20, 2008); LexisNexis, https://www.lexisnexus.com/research (last visited March 20, 2008).

## IV.  FEDERAL HABEAS GROUNDS

### Federal Ground 1:  Involuntary Guilty Plea

In his federal habeas petition, Ellis-Bey alleges he was denied due process of law when the state circuit judge accepted his guilty pleas while petitioner was under the influence of medications, thus rendering the pleas involuntary.

Respondent argues that petitioner has not properly presented this ground to the state courts. The court agrees. Petitioner did not present this allegation of incompetency during the plea proceedings due to medication to the Missouri circuit court in his original or amended motions for post-conviction relief. Instead, he argued that his attorney did not properly advise him during these proceedings and that this ineffective assistance of counsel rendered his pleas involuntary.

-4-

The circuit court denied relief on these allegations as a matter of law and ruled as a matter of fact that petitioner's plea was voluntary. The Missouri Court of Appeals affirmed the circuit court.

Respondent asserts that petitioner raised this first federal habeas ground for relief in his state court petitions for habeas corpus relief. Those courts that reviewed his petitions for habeas relief summarily dismissed them. (See Doc. 21, Petitioner's Memorandum at 3-6.)

The court agrees with respondent that petitioner's use of the Missouri habeas corpus procedure was not the proper procedure for petitioner to bring this ground for relief before the state courts; rather, a motion for post-conviction relief is the exclusive procedure for bringing such a claim in the state courts. See Mo. S. Ct. R. 24.035;[1] see also Charron v. Gammon, 69 F.3d 851, 857 (8th Cir. 1995). Therefore, with the strictly enforced limitations period for filing motions for relief under Rule 24.035, petitioner has defaulted on his available state court procedures for presenting federal ground 1 to the state courts. Therefore, he is generally prohibited from presenting Ground 1 in these federal habeas proceedings. Sweet v. Delo, 125 F.3d 1144, 1149-1150 (8th Cir. 1997); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

Petitioner may avoid the procedural bar, if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Id. at 750-52.

To demonstrate failure to review his grounds for relief would result in a fundamental miscarriage of justice, a petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96

_____

[1]This rule provides that the rule is the exclusive procedure for asserting claims that a conviction or sentence violates the Constitution of the United States, including claims of ineffective assistance of counsel. Rule 24.035.

(1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. <u>Id.</u> at 316.

In this case, petitioner argues that federal Ground 1 was not presented to the circuit court in his motions for post-conviction relief because of ineffective assistance of counsel. (<u>See</u> Doc. 21, Petitioner's Memorandum at 4-5.) This is a legally insufficient cause for the procedural default in the state court.

> '[A]ttorney error that results in a procedural default' is not cause unless the attorney's performance was constitutionally deficient." <u>Armstrong v. Iowa</u>, 418 F.3d 924, 927 (8th Cir. 2005) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). [Petitioner] Interiano cannot rely on the ineffectiveness of his post-conviction counsel in failing to raise in state court the claims he now seeks to assert because "there is no Sixth Amendment right to the effective assistance of post-conviction counsel." <u>Id.</u> (construing <u>Coleman v. Thompson</u>, 501 U.S. 722, 752-54 (1991)).

<u>Interiano v. Dormire</u>, 471 F.3d 854, 856-57 (8th Cir. 2006).

Further, petitioner has not proffered to the court any new, reliable evidence that he is actually innocent of the crimes to which he pled guilty. (<u>See</u> Doc. 21, Petitioner's Memorandum; Doc. 22, Petitioner's Traverse; Doc. 23, Petitioner's Memorandum.)

Regardless of whether petitioner has exhausted his federal claims, this court may review them and dismiss them if they are without merit. 28 U.S.C. § 2254(b)(2). In this case, the undersigned has reviewed the merits of the habeas petition.

A federal court's review of a state court decision is limited to situations when adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 limits the scope of federal review as a means of implementing Congress's intent to expedite habeas proceedings and to provide the appropriate deference to state court determinations. <u>Nicklasson v. Roper</u>, 491 F.3d 830, 833 (8th Cir. 2007), <u>petition for cert. filed</u>, (Dec. 21, 2007) (No. 07-8434).

A state court decision is contrary to clearly established federal law if it contradicts a Supreme Court decision on a question of law, or if it contradicts a Supreme Court decision with a "materially indistinguishable" set of facts. <u>Id.</u> at 833-34 (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000)). "A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment 'the relevant state-court decision [not only] applied clearly established federal law erroneously or incorrectly[, but also did so] . . . unreasonabl[y].'" <u>Id.</u> at 834 (quoting <u>Williams</u>, 529 U.S. at 410-11). Under § 2254, federal courts are to presume the state court factual findings are correct. <u>Id.</u> The petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Id.</u>

Petitioner's federal Ground 1 is without merit. A guilty plea must be voluntary and knowing to comply with due process of law. <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969). A guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law and its relation to the facts. <u>Id.</u> In support of his claim that he was impaired, Ellis-Bey provides a list of the medications he was taking on the morning of his guilty plea. (Doc. 1 at 82.) He also provides copies of his psychiatric examinations, one of which diagnosed him with schizophrenia and depression. ( <u>Id.</u> at 62-68.)

These evidentiary items are insufficient to rebut the state circuit court's findings as follows:

> THE COURT:     Court finds that the [petitioner's] plea of guilty is made voluntarily and intelligently with a full understanding of the charges and the consequences of the plea, with an understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights. The Court also finds there is a factual basis for the plea.

The Court therefore accepts the defendant's plea of guilty to the charge of murder in the second degree, class A felony, and to the charge of armed criminal action, unclassified felony, and finds the defendant guilty of those charges beyond a reasonable doubt.

(See Doc. 15, Ex. A at 33.)

The record supports the circuit court's findings that the guilty plea was knowing and voluntary. Before his guilty plea, the circuit judge asked Ellis-Bey a number of questions relating to his competence and understanding. On each occasion, Ellis-Bey responded that he was clear-headed, understood the charges against him, and was not impaired. The circuit judge specifically asked petitioner about the effects of his prescription medications. Ellis-Bey also acknowledged discussing the charges with his lawyer.

THE COURT: Are you under the influence of any drugs, alcohol, or narcotics today?
THE DEFENDANT: No.

. . .

THE COURT: All right. Are the conditions that you have and the medications that you're taking, are either one of those having any bad or negative effect on your ability to appreciate or understand what it is that we're doing here today?
THE DEFENDANT: No.
THE COURT: All right. Is your mind clear today?
THE DEFENDANT: Yeah.

. . .

THE COURT: Okay. Mr. Ellis, do you understand that as you stand here today, you're charged with the offenses of murder in the second degree, class A felony, and armed criminal action, unclassified felony? Do you understand that that's the charges we're here on today?
THE DEFENDANT: Yes.
THE COURT: Have you discussed these charges with [your lawyer]?
THE DEFENDANT: Yes.
THE COURT: Has the nature of these charges been explained to you?
THE DEFENDANT: Yes.

(Doc. 15, Ex. A at 20-23.) The psychiatric examinations that petitioner has proffered to this court were all conducted after his guilty plea and

make no mention of any events that occurred in court. (Doc. 1 at 62-68.) The record shows that the circuit court's finding and conclusion were reasonable both factually and legally that petitioner's guilty plea was voluntary and intelligently made.

The federal Ground 1 involuntary plea claim is without merit.

### Federal Ground 2:  Ineffective Assistance of Counsel

In his second federal habeas ground, Ellis-Bey alleges he received constitutionally ineffective assistance of counsel when his attorney failed to raise, in the motion for post-conviction relief, the issue of petitioner's being under the influence of the medication during his guilty plea.

Ground 2 is not legally sufficient for federal habeas corpus relief. As set forth above, there is no Sixth Amendment right to the effective assistance of counsel in state court post-conviction proceedings. <u>Interiano</u>, 471 F.3d at 856-57.

Nevertheless, a habeas petitioner must satisfy two conditions to prevail on an ineffective assistance of counsel claim. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, a habeas petitioner must demonstrate that counsel's performance was deficient. <u>Id.</u> Second, a habeas petitioner must demonstrate that counsel's deficient performance prejudiced the defense. <u>Id.</u> In this case, Ellis-Bey asserts that his attorney "did knowingly and willing[ly] abandon[]" the issue of his ability to understand his guilty plea. (Doc. 1 at 81.) This abandonment, petitioner claims, was a "highly prejudic[ial] act . . . before the [court]." ( <u>Id.</u> at 82.)

These assertions, without more, fail to create a claim for ineffective assistance of counsel. Petitioner never states how he was prejudiced by his counsel's inadequate performance. Indeed, it is hard to imagine how failing to raise at trial or on appeal a meritless claim could have had any effect on petitioner. As the transcript before the circuit judge illustrates, Ellis-Bey was specifically asked if he was under the influence of any substances - alcohol, narcotics, or prescription drugs. He responded that he was not. He also responded that he had discussed the charges and their nature with his lawyer.

Under the circumstances, Ellis-Bey cannot satisfy the first or second prongs of the <u>Strickland</u> test. Any claim of ineffective assistance of counsel would be meritless.

## V.  MOTION TO APPOINT COUNSEL

Petitioner's entitlement to the appointment of counsel depends on several factors. These factors include the factual and legal complexity of the case, and the ability of the indigent litigant to investigate and present his claim. <u>Phillips v. Jasper County Jail</u>, 437 F.3d 791, 794 (8th Cir. 2006); <u>Morris v. Dormire</u>, 217 F.3d 556, 558-59 (8th Cir. 2000).

After considering these factors and the record in this case, the court concludes that the petitioner has clearly articulated his claims and stated the facts in support of those claims. The court believes that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted. The motion to appoint counsel is denied.

## VI.  MOTION FOR AN EVIDENTIARY HEARING

On September 26, 2007, Ellis-Bey moved the court to hold an evidentiary hearing. Because the record establishes that petitioner's claims are meritless, an evidentiary hearing is not necessary. <u>Reynolds v. Caspari</u>, 974 F.2d 946, 948 (8th Cir. 1992). The motion for an evidentiary hearing is denied.

## VII. MOTION TO DISMISS WITHOUT PREJUDICE

An unsigned, typewritten motion to dismiss the action without prejudice has been filed purportedly by petitioner, Document 28. Assuming the motion was authored by petitioner Ellis-Bey, no reason for the voluntary dismissal is presented to the court. Because petitioner may run afoul of the one-year statute of limitations if the court were to allow the voluntary dismissal, the motion is denied. <u>See</u> <u>Cross-Bey v. Gammon</u>, 322 F.3d 1012, 1015-16 (8th Cir. 2003).

## VIII.  CONCLUSION

For the reasons set forth above, the petition of Eddie S. Ellis-Bey for a writ of habeas corpus is denied.  The action is dismissed with prejudice.  An appropriate Order is issued herewith.


____/S/  David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**


Signed on March 20, 2008.